IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JORGE E. ALEMAN TSUHAKO, <br><br> Plaintiff, <br><br> vs. <br><br> CARLOS MONZÓN, <br><br> Defendant. | 8:16CV375 <br><br> **MEMORANDUM AND ORDER** |

Plaintiff filed his Complaint on August 1, 2016. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 9.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff is a prisoner at the Great Plains Correctional Facility in Oklahoma. (Filing No. 1 at CM/ECF pp. 27, 29.) Plaintiff alleges that he is also a citizen of Oklahoma. (*Id*. at CM/ECF p. 4.) He alleges that Defendant Carlos Monzón ("Monzón") is a citizen of Nebraska. (*Id*.) Monzón represented Plaintiff in a state criminal case in Lincoln, Nebraska. (*Id*. at CM/ECF p. 5.) Plaintiff's state case was dismissed after federal authorities filed an indictment against him. (*Id*. at CM/ECF p. 12.) Monzón did not represent Plaintiff in his federal case. (*Id*.) Plaintiff alleges that Monzón represented his co-defendant Angel Oramas ("Oramas") in Oramas' state case at the same time that Monzón represented Plaintiff in his state case. (*Id*. at CM/ECF pp. 5-6.) He asserts that the simultaneous representation was a conflict of interest. (*Id*.)

Federal authorities also indicted Oramas. (*Id*. at CM/ECF p. 12.) Monzón represented Oramas in his federal case. (*Id*.) Oramas proffered information about Plaintiff to the U.S. Attorney's Office and ultimately entered a plea pursuant to a plea agreement. (*Id*.) Plaintiff alleges that Monzón breached attorney-client privilege. (*Id*. at CM/ECF p. 6.) He claims that Monzón "had access to all the information and evidence available on my case, and also my confession" "to instruct Angel Oramas in a perfect statement against me." (*Id*. at CM/ECF p. 6, 14.) Plaintiff pleaded guilty in his federal case to one count of conspiracy to use unauthorized access devices. *U.S.A. v. Oramas, et al.* Case No. 4:15CR3027-2 (D. Neb.); (*See* Filing No. 1 at CM/ECF p. 26.)

Plaintiff seeks one million dollars for mental and psychological damage, deprivation of freedom, loss of job, loss of credit rating, loss of vehicle, loss of contact with family, and complete ruin of personal and financial situation. (Filing No. 1 at CM/ECF p. 5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff brings claims of legal malpractice against Monzón. He, however, misses one crucial element: his actual innocence. A person convicted of a criminal offense who files a legal malpractice claim against the attorney who defended him in the criminal proceedings must plead and prove actual innocence of the offense of conviction. *Trackwell v. Domina*, 2005 WL 1377867 at *3 (D. Neb) (quoting *Rodriguez v. Nielsen*, 259 Neb. 264, 609 N.W.2d 368, 374–375 (Neb.2000)).

> We believe that it is the illegal conduct of a convicted criminal who files a malpractice claim, rather than any subsequent negligence of counsel, that is the cause in fact of any injuries flowing from the conviction. We therefore hold that a convicted criminal who files a legal malpractice claim against his or her defense counsel must allege and prove that he or she is innocent of the underlying crime. This requirement is in addition to the ordinary causation element for legal malpractice. Thus, such person must plead and prove the following: (1) the attorney's employment, (2) the attorney's neglect of a reasonable duty, (3) that such negligence resulted in and was the proximate cause of loss (damages) to the client, and (4) innocence ... of the underlying crime with which the plaintiff was charged.

*Id*.

Plaintiff has not alleged that he is innocent of the underlying crime. Instead, Plaintiff alleges that Monzón breached attorney-client privilege when he used Plaintiff's *confession* to help Oramas. Further, Plaintiff's guilty plea severely undercuts his claims. Plaintiff fails to state a claim upon which relief may be granted. The court will not give Plaintiff an opportunity to amend his Complaint in this matter because it is obvious that amendment would be futile.

IT IS THEREFORE ORDERED that:

1. This action is dismissed with prejudice for failure to state a claim.

2. A separate judgment will be entered in accordance with this memorandum and order.

Dated this 16th day of February, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge